UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL AARON SAVAGE, Plaintiff, v. JOSHUA BRENNER, et al., Defendants. | No. 2:26-cv-00359 CSK P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendants' motion to dismiss plaintiff's Eighth Amendment verbal harassment claim against defendant Anzar pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) For the reasons that follow, defendants' motion is granted with leave to amend.

## I. LEGAL STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive

dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. See Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). "[I]f a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." Id. at 908; see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated by reference, and matters of which a court may take judicial notice.").

## II. PLAINTIFF'S COMPLAINT

This action proceeds on plaintiff's complaint filed February 9, 2026 as to defendants California Health Care Facility ("CHCF") Sergeant Brenner, CHCF Building Officer Cruz, CHCF Building Officer Anzar and CHCF Yard Officer Cervantes as to claim one for excessive force in violation of the Eighth Amendment. (ECF Nos. 1 at 3.) This action also proceeds on

claim two against defendant Anzar for verbal harassment in violation of the Eighth Amendment. (Id. at 4.) The pending motion to dismiss addresses claim two.

In claim two, plaintiff claims that on November 2, 2025, defendant Anzar came to plaintiff's cell door and harassed and threatened plaintiff. (Id.) Plaintiff asked defendant Anzar why did defendant Anzar beat and torture plaintiff and keep harassing plaintiff. (Id.) Defendant Anzar responded, "Because you're a bitch." (Id.) Defendant Anzar continued to threaten plaintiff and use foul language toward plaintiff. (Id.) Plaintiff asked defendant Anzar to leave plaintiff alone and to get away from plaintiff's cell door. (Id.) Defendant Anzar walked away and returned moments later. (Id.) Plaintiff asked defendant Anzar what he wanted and why he harasses plaintiff every time he comes to plaintiff's unit. (Id.) Defendant Anzar responded, "I'm just checking on you." (Id.) Defendant Anzar lingered by plaintiff's cell door and walked away. (Id.) Plaintiff claims that this has been an ongoing occurrence with defendant Anzar. (Id.) Plaintiff claims that he filed a Prison Rape Elimination Act ("PREA") claim against defendant Anzar for telling plaintiff that he was going to assault and rape plaintiff. (Id.)

## III. DISCUSSION

At the outset, this Court addresses defendants' argument that plaintiff's opposition is untimely. (ECF No. 19 at 2.) On August 7, 2026, this Court granted plaintiff an extension of thirty days from the date of the order to file his opposition. (ECF No. 17.) Plaintiff's opposition was due on September 9, 2026. See Fed. R. Civ. P. 6(d) (when a party may or must act within a specified time after being served by mail, three days are added after the period would otherwise expire under Rule 6(a)). Pursuant to the mailbox rule, plaintiff filed his opposition on September 8, 2026. (ECF No. 18 at 6.) Plaintiff's opposition is timely.

Defendants move to dismiss claim two against defendant Anzar because, even if assumed as true, plaintiff's allegations against defendant Anzar do not rise to the level of an Eighth Amendment violation as a matter of law. (ECF No. 13 at 4-6.) Defendants also argue that defendant Anzar is entitled to qualified immunity as to plaintiff's verbal harassment claim. (Id. at 6-7.) Plaintiff's opposition does not directly address the arguments raised in the motion to dismiss. (See ECF No. 18.) Instead, plaintiff argues that his complaint adequately states a claim

under the Tom Bane Civil Rights Act ("Bane Act"). (Id. at 1-6.) This Court will address plaintiff's arguments regarding the Bane Act after addressing the arguments raised in the motion to dismiss.

"The Constitution...'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted). Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.'" Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's Eighth Amendment claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8, (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991)).

Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to ... cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. See Keenan, 83 F.3d at 1092.

Plaintiff's general claim that defendant Anzar verbally harassed plaintiff at his cell door on November 2, 2025 is insufficient to state an Eighth Amendment claim because plaintiff does not describe any of the allegedly harassing and threatening statements made by defendant Anzar. See Oltarzewski, 830 F.2d at 139; Keenan, 83 F.3d at 1092. This Court also finds that defendant Anzar's alleged statement calling plaintiff a "bitch" while at plaintiff's cell door on November 2, 2025 does not state an Eighth Amendment claim. While this statement used a derogatory word and was offensive, it was not unusually gross for a prison setting. See Turner v. Wood, 2018 WL 4471119, at *3 (E.D. Cal. Sept. 17, 2018) (finding statement, "You a bitch for walking away from me, when I'm talking to you," failed to state an Eighth Amendment claim); Rust v. Chino Prison

Healthcare Providers, 2017 WL 10560530, at *6 (C.D. Cal. Apr. 28, 2017) (finding that defendant calling plaintiff a "bitch" failed to state an Eighth Amendment claim).

Plaintiff appears to claim that on a different occasion, defendant Anzar told plaintiff that he was going to assault and rape plaintiff. While highly offensive, these alleged threats by defendant Anzar do not rise to an Eighth Amendment violation. See Evans v. Lassiter, 2023 WL 8261594, at *4 (E.D. Cal. Nov. 29, 2023), findings and recommendations adopted, 2024 WL 755694 (E.D. Cal. Feb. 23, 2024) (a defendant's threats to kill or harm a plaintiff are insufficient, without more, to impose liability for verbal harassment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats of bodily harm by defendants do not rise to an Eighth Amendment claim).

Construed as sexual harassment, the alleged threat by defendant Anzar to rape plaintiff does not rise to an Eighth Amendment violation. Prisoners have a clearly established Eighth Amendment right to be free from sexual abuse. See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). However, "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)); compare Hill v. Rowley, 658 Fed. Appx. 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching sufficient to state a claim for sexual harassment that violates the Eighth Amendment); Wood v. Beauclair, 692 F.3d 1041, 1046–51 (9th Cir. 2012) (reversing summary judgment on behalf of defendant because plaintiff's allegations of sexual harassment that included physical contact of a sexual nature was sufficient to state Eighth Amendment claim), with Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Blacher v. Johnson, 517 Fed. Appx. 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under section 1983).

For the reasons discussed above, this Court finds that plaintiff's claims of verbal harassment by defendant Anzar fail to state potentially colorable Eighth Amendment claims. Defendants also argue that defendant Anzar is entitled to qualified immunity as to plaintiff's Eighth Amendment verbal harassment claims. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009). Because this Court finds no violation of plaintiff's constitutional rights, this Court need not further address qualified immunity.

For the following reasons, plaintiff is granted leave to file an amended complaint as to his verbal harassment claim against defendant Anzar. Plaintiff is granted leave to amend to specifically describe the allegedly harassing and threatening statements defendant Anzar made at plaintiff's cell door on November 2, 2025 that were not described in the original complaint. In addition, plaintiff claims that the alleged verbal harassment by defendant Anzar is an ongoing occurrence. (ECF No. 1 at 4.) Plaintiff claims that defendant Anzar harasses plaintiff every time he comes to plaintiff's unit. (Id.) Plaintiff claims that he has written two grievances against defendant Anzar for threatening and harassing plaintiff. (Id.) Plaintiff claims that he filed a PREA claim against defendant Anzar for threatening to assault and rape plaintiff. (Id.) Plaintiff claims that defendant Anzar's verbal harassment caused plaintiff to become depressed, suicidal, paranoid and suffer lack of sleep. (Id.) While the instances of verbal harassment alleged in the complaint are not sufficient to state Eighth Amendment claims, either alone or considered together, plaintiff's claim of ongoing verbal harassment indicates that plaintiff may be able to state a potentially colorable Eighth Amendment claim against defendant Anzar. See Baker v.

Grant, 2018 WL 3466956, at *5 (W.D. Wash. June 1, 2018), findings and recommendations adopted, 2018 WL 3456092 (W.D. Wash. July 17, 2018) (finding potentially colorable Eighth Amendment claim against defendant for verbal harassment, where plaintiff's allegations demonstrated that verbal harassment was calculated to cause plaintiff psychological harm, persisted over several years despite multiple attempts by plaintiff to get defendant to stop, and allegedly caused plaintiff to break down, suffer mental anguish and lose weight). Plaintiff's Eighth Amendment verbal harassment claim against defendant Anzar is dismissed with leave to amend so that plaintiff has the opportunity, if he can, to state a potentially colorable Eighth Amendment claim based on defendant Anzar's alleged ongoing verbal harassment. If plaintiff files an amended complaint, plaintiff must specifically describe the harassing statements allegedly made by defendant Anzar, address when and where they were made and the duration of the alleged verbal harassment.

In his opposition, plaintiff argues that the complaint adequately states a claim under the Tom Bane Civil Rights Act. (ECF No. 18 at 2-6.) Plaintiff's complaint does not raise a claim pursuant to the Tom Bane Civil Rights Act. (ECF No. 1 at 3-4.) For the following reasons, this Court finds that the allegations in plaintiff's complaint do not state a potentially colorable claim under the Bane Act.

The Bane Act forbids conduct by any person, "whether or not acting under color of law," who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state...." Cal. Civ. Code § 52.1. A plaintiff "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Hearns v. Gonzales, 2018 WL 1790800, at *1 (E.D. Cal. Apr. 16, 2018) (quoting Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (Cal. App. 2015)). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or

to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 883 (Cal. App. 2007).

In the complaint, plaintiff claims that defendant Anzar threatened him, including allegedly threatening to assault and rape plaintiff. However, plaintiff fails to tie these threats to any interference with the exercise of his rights. For this reason, the complaint does not state a potentially colorable Bane Act claim against defendant Anzar. See Rotroff v. Ahlin, 2015 WL 1119539, at *7 (E.D. Cal. Mar. 11, 2015) (finding that plaintiff did not state a Bane Act claim: "Plaintiff alleges that Defendant Adams threatened to kill him, but he fails to tie this threat to any interference with the exercise of his rights. He does not allege when or why Defendant Adams threatened him or how his threat amounted to an interference."); Rodriguez v. Fresno, 819 F. Supp. 2d 937, 953 (E.D. Cal. 2011) ("The text of the Bane Act and such case authority as the court can find indicates that a cause of action under the act requires a predicate—the application of threat, intimidation or coercion—and an object—interference with a constitutional or statutory right."). If plaintiff files an amended complaint, plaintiff may raise a Bane Act claim if he can cure the pleading defects discussed above.[1]

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[1] In the reply, defendants argue that under the Bane Act, speech alone is not sufficient to support an action except upon a showing that the speech itself threatens violence against a person and the person reasonably fears that, because of the speech, violence will be committed against them. (ECF No. 19 at 2-3.) This Court does not address this argument at this time because the complaint does not raise a Bane Act claim.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 13) is granted.

2. Plaintiff is granted thirty days to file an amended complaint. Defendants are not required to respond to the amended complaint until ordered by the court. If plaintiff does not file an amended complaint within that time, this court will issue further orders addressing the deadline for defendants' response to the original complaint.

3. The order staying the deadline for defendants to file a responsive pleading until thirty days after the pending motion to dismiss is resolved (ECF No. 16) is vacated.

Dated: November 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sava359.mtd/2